UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-21037

KATRINA BEATRIZ MACHADO,
NATALIE VALENCIA CIENDUA and
all others similarly under 29 U.S.C. 216(B),

      Plaintiffs,

v.

MEGA TRAVEL USA CORPORATION,
d/b/a TRAVEL ONE NETWORK,
CARLOS GUILLEN,

      Defendants.
_____/

## DEFENDANT'S ANSWER / RESPONSE
## TO PLAINTIFF'S COMPLAINT UNDER 29 U.S.C. 216(B)

Comes Now Defendant, Carlos Guillen by and through the undersigned, and in accordance with Federal Rules of Civil Procedure, Rule 8(b) responds to the allegations in the above referenced complaint in the following manner:

### GENERAL ALLEGATIONS

1. Admitted for jurisdictional purposes only. All other factual allegations or inferences therefrom are denied.

2. Admitted for jurisdictional purposes only. All other factual allegations or inferences therefrom are denied.

3. Admitted for jurisdictional purposes only. All other factual allegations or inferences therefrom are denied.

4. Admitted for jurisdictional purposes only. All other factual allegations or inferences

1

therefrom are denied.

    5. Admitted for jurisdictional purposes only. All other factual allegations or inferences therefrom are denied.

## COUNT I FEDERAL OVERTIME WAGE VIOLATION

    6. Denied.

    7. Denied.

    8. Denied as framed.

    9. Denied.

    10. Denied.

    11. Denied.

    12. Denied.

    13. Denied.

    14. Denied.

    15. Denied.

    16. Denied.

    17. Denied.

    18. Denied.

Defendant hereby denies any and all allegations of fact not expressly admitted herein, and demands strict proof of same.

## **AFFIRMATIVE DEFENSES**

1. As to its' first affirmative defense, Defendant states that Plaintiff is barred as a result of unclean hands & possible conspiracy in their attempt to defraud Defendants.

2. As to its' second affirmative defense, Defendant states that the complaint, and each and every claim alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

3. As to its' third affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. 259 because actions taken in connection with Plaintiff's compensation were done in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States department of Labor.

4. As to its' fourth affirmative defense, Defendant states that Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendants should be reduced and/or eliminated by such a failure.

5. As to its' fifth affirmative defense, Defendant states that the Plaintiff's are estopped from recovery as they purposefully misled and or deceived Defendant's to their detriment by means including but not limited to fraud and misrepresentation.

6. As to its' sixth affirmative defense, Defendant states that the Plaintiff's are barred because some or all of the hours worked by Plaintiffs and claimed unpaid were *de minimis* and do not qualify as compensable hours worked under the Fair Labor Standards Act, and /or Florida law.

7. As to its' seventh affirmative defense, Defendant states that in calculating overtime liability, if any, Defendants are entitled to the exclusion of all time spent on preliminary and post-liminary activities excludable from hours worked under 29 U.S.C. 254.

8. As to its' eighth affirmative defense, Defendant states that Plaintiffs lack standing to prosecute the claims asserted in the Complaint.

9. As to its' ninth affirmative defense, Defendant states that Plaintiff's claims cannot be maintained against Defendants because if employees of Defendant took the actions alleged, such actions were committed outside the course and scope of employment and were not authorized, adopted or ratified by Defendants and or Defendants did not know of nor should they have known of such conduct.

10. As to its' tenth affirmative defense, Defendant states that some or all of the hours claimed by Plaintiffs are not hours worked within the meaning of any Wage Order(s) issued under applicable Florida law, such that minimum wage and/ or overtime compensation need not be paid for those hours.

11. As to its' eleventh affirmative defense, Defendant states that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to recovery of its reasonable attorney's fees.

12. As to its' twelfth affirmative defense, Defendant states that Plaintiff's claims are barred to the extent that they released the claims and damages sought and/or acknowledged an accord and satisfaction asserted in the Complaint.

**ADDITIONAL DEFENSES**

13. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

**RESERVATION OF RIGHT TO MODIFY, AMEND, AND/OR SUPPLEMENT**

Defendants reserve the right, in accordance with Florida Rules of Civil Procedure, to modify, amend and/or supplement these Affirmative Defenses based on any additional information which may become known as investigation or discovery proceeds in this matter.

**WHEREFORE** Defendant respectfully this Honorable Court to grant the relief sought herein, by granting the following:

1. Acknowledge Defendant's response to the allegations contained in the above referenced Complaint, as being filed in a timely manner.
2. Order plaintiff to provide discovery, in accordance with Local Rule 26.1.B, to defendant.
3. Grant any and all other relief the Court deems necessary under the circumstances.

Under penalty of perjury, I declare that we have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
William C. Blackwell, Esq.
12401 W. Okeechobee Rd, #514
Hialeah Gardens, FL 33018
786-348-4929

(remainder of page intentionally left blank)

<b><u>Certificate of Service</u></b>

**I Hereby Certify** that a true and correct copy of the foregoing, Defendant's Response to Plaintiff's Complaint under 29 U.S.C. 216(B), has been furnished by (Must Specify) Fax, or First Class U.S. Mail or Email cnc02g@gmail.com, DanielFeld.Esq@Gmail.com, ZABOGADO@AOL.COM on 8th day of May, 2014 to the parties listed below:

<b><u>Service List</u></b>

**Christopher Nathaniel Cochran**
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
(305) 865-6766
(305) 865-7167 (fax)
cnc02g@gmail.com

**Daniel T. Feld**
J. H. Zidell
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
305-865-7167 (fax)
DanielFeld.Esq@Gmail.com

**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
865-7167 (fax)
ZABOGADO@AOL.COM

_____
William C. Blackwell, Esq.