## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 14-21037-CIV-LENARD/GOODMAN

KATINA BEATRIZ MACHADO, et al.

      Plaintiffs,

v.

MEGA TRAVEL USA CORP., et al.

      Defendant.

_____/

### DISCOVERY ORDER

This Cause is before the Undersigned on Plaintiff Katina Beatriz Machado's ("Plaintiff") Notice of Hearing regarding certain discovery issues. [ECF No. 57]. A hearing (the "Hearing") was held on these matters on January 16, 2015. For the reasons outlined at the Hearing, it is **Ordered** and **Adjudged**:

    1) **Fees and Costs.**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff is entitled to fees and costs incurred in connection with Defendant Carlos Guillen's failure to appear at his scheduled deposition or at the mediation in this matter. Specifically, Plaintiff may recover the court reporter fee for appearance at the deposition as well as 50% of any attorney time spent to prepare for the deposition. This 50% amount allows Plaintiff to recover for the time spent needlessly preparing for a deposition that did not occur,

while also taking into account that some of that time may be applied to preparing for the re-noticed Guillen deposition.

Plaintiff and Defendant each had to pay 50% of the cost for the mediator in this case. However, Plaintiff should not have had to pay *any* portion of the cost, given Defendant Guillen's failure to appear, and Plaintiff may therefore recover that cost as well. Finally, Plaintiff may recover attorney's fees in connection with Plaintiff's counsel's appearance at the January 16, 2015 Hearing.

Plaintiff must, no later than January 30, 2015, send a letter or email to defense counsel outlining, consistent with the above rulings, the fees and costs that Plaintiff seeks, and attaching supporting documentation to evidence those fees and costs. If Defendants do not object to those fees and costs, they shall make full payment to Plaintiff no later than February 6, 2015. If Defendants do object, then they should first attempt to confer with Plaintiff in an effort to resolve those objections. If that conferral fails to resolve the dispute, then Defendants may set the issue down for another discovery hearing before the Undersigned. However, the Undersigned notes that fees and costs will likely be awarded in connection *with that hearing and dispute* as well.

### 2) Discovery Responses.

Defendants must respond to Plaintiff's First Set of Interrogatories and First Request for Production on or before January 26, 2015. At this time, Plaintiff's request that I find Defendants have waived all applicable objections and privileges by failing to

timely respond to discovery is denied. However, if Defendants do not timely respond to this discovery on or before January 26, 2015, **including by actually producing responsive, non-privileged documents**, then Defendants **will, absent extraordinary circumstances,** waive all applicable privileges and objections.

3) **Deposition Rescheduling.**

Plaintiff may, after conferring with Defendants to find a mutually agreeable time, re-notice Defendant Carlos Guillen's deposition to occur on or before February 5, 2015.

**DONE AND ORDERED** in Chambers, in Miami, Florida, January 21, 2015.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record