UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-21037-CIV-LENARD/GOODMAN

KATINA BEATRIZ MACHADO, NATALIA )
VALENCIA CIENDUA and all others )
similarly situated under 29 U.S.C. 216(B), )
)
        Plaintiffs, )
)
vs. )
)
MEGA TRAVEL USA CORPORATION )
d/b/a TRAVEL ONE NETWORK )
)
CARLOS GUILLEN, )
)
        Defendants. )
_____ )

**MOTION FOR SANCTIONS AND TO STRIKE PLEADINGS AND ENTER DEFAULT FINAL JUDGMENT**

Now comes Plaintiffs and hereby moves this Honorable Court for an order Sanctioning Defendants and Striking their pleadings and entry of default final judgment for their pattern in disregarding Court Orders and in support thereof would show as follows:

1. On May 20, 2015, the court entered an order directing the parties to appear for a second mediation on June 11, 2015 before Neil Flaxman, Esquire. [DE 86].

2. On June 11, 2015, Defendants and their attorney failed to appear and in fact notified Mr. Flaxman, that they would not be appearing. [DE 87].

3. On June 11, 2015, Plaintiffs have filed another Notice of Non-Compliance directed towards Defendants failure to act. [DE 88].

4.      This is not the first time during these proceedings, that Defendants have contumaciously disregarded the Court's orders.  Indeed the record is replete with numerous unjustified violations of court orders.[1]  This case, furthermore, has a history of dilatoriness wrangling by defendants.[2]

## MEMORANDUM OF LAW

Plaintiffs here are requesting that the Court find it warranted that sanctions be imposed by striking Defendants' answer, and responses to discovery and allow plaintiffs to proceed to judgment by default.  Throughout this litigation, Defendants have been the cause of blame for failure to present themselves at the first mediation; for their failure to pay a court ordered monetary sanction; and lately for their flagrant disregard of not appearing at the last mediation. All of these delays and violations of court orders are attributable solely to defendants' willful disobedience.  It appears that defendants have abandoning their defenses.

A.      Rule 16(f)

The Federal Rules expressly authorizes a district court to strike pleadings in this case. Pursuant to Rule 16(f), it is within the Court's discretion to sanction litigants for failure to abide by its scheduling orders.  *See e.g. Wouters v. Martin County, Florida,* 9 F.3d 924, 933 (11th Cir. 1993) ("district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders . . .").   Given the pattern of non-compliance with court orders and cooperation with setting events, this Court should find that indeed there is a pattern of delay and/or a deliberate refusal to comply with court orders to the extent which would justify

---

[1] There have been orders directed at Plaintiffs, however, due to defendants being non-compliant with earlier issued orders. see e.g. [DE 59], [DE 82] and [DE 85].
[2] See e.g. [DE 26] [DE 54] and [DE 75].

sanctions in this case. *U.S. Samaniego*, 345 F.3d 1280, 1384(11th Cir. 2003) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

The Third Circuit, in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3rd Cir. 1984), set forth six factors which must be considered in determining whether to strike a defendant's answer. *Poulis,* 747 F.2d 868. The *Poulis*, factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the defense." *Id*. at 868.

Plaintiffs here are requesting that the Court find it warranted that sanctions be imposed by striking their answer, and responses to discovery and allow plaintiffs to proceed to judgment by default. *Days Inn Worldwide v. Shaikh*, 248 F.R.D. 472 (D.N.J. 2008) (pattern of failing to abide by court's orders). Prior monetary sanctions imposed by the court have not deterred Defendants from re-offending yet again. To date, Defendants have not paid Plaintiffs the earlier imposed sanctions. The docket reflects that Defendants have exhibited a pattern of non-compliance. Moreover, Defendants have filed a bare boned affirmative defense without any supporting facts to substantiate their claim. Most, if not all of the factors weigh in favor of striking Defendants' pleadings thus permitting Plaintiffs to proceed to judgment by default as to Defendants, and entry of same.

In addition to the federal rule, the court's inherent power, as well as the power to strike a pleading, is inherent in a trial court's authority to enforce its orders and ensure prompt

disposition of legal actions. *Link v Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.C. 1386, 1388-89, 8 L.Ed. 2d 734 (1962).

### B. Sanctions under a Court's Inherent Authority

It is a long recognized fact that a Federal Court has the power to impose civil contempt sanctions on parties appearing before it. *Serra,* 446 F.3d at 1147 (11th Cir. 2006); *Downy v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994). Civil contempt sanctions are intended "to enforce compliance with court orders and to compensate injured parties for losses sustain." *Id.* The Court's inherent power to sanction is derived from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v NACSO, Inc.*, 501 U.S. 32, 43 (1991)(internal citations).

The Mediator, here, has filed his mediation report indicating that Defendants had no intention of following the court's order. [DE 87]. Plaintiffs have filed their own Notice of Non-Compliance related to Defendants willful failure to comply with the court's order related to the second mediation. [DE 88]. Defendants, through counsel, were present when the dates for mediation were coordinated and agreed on said date and time. Because Defendants knew about this Court's ordered mediation, they would be unable to argue that the date was miscalendared. Thus plaintiffs, here, have made a prima facie showing by clear and convincing evidence. *United States v. Hayes,* 722 F.2d 7263, 725(11th Cir. 1984) *Reliance Ins. Co. v. Mast. Constr. Co.* 159 F.3d 1311, 1315 (10th Cir. 1998)(noting that to be held in contempt, it must be shown by clear and convincing evidence that (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order).

Once a *prima facie* showing of violation has been made, the burden of proof shifts to the alleged contemnors to prove that they were unable to comply. *See Maggio v. Zeitz,* 333 U.S. 56, 75-76.[3] The proper focus of the Court's inquiry is whether a Court order was violate, not the contemnors state of mind. *Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990)(citations omitted). C*ivil contempt, which the Plaintiffs are seeking in the instant matter, is designed to force a contemnor to comply with a court's order. *UMWA v. Bagwell*, 52 U.S. 821, 827(1994); *United States v. McCorkle*, 321 F.3d 1292, 1298 (11th Cir. 2003). If a court finds that contempt has occurred, it has certain remedies and sanctions it can impose to compel compliance. *Bagwell*, 512 U.S. at 828-29. Available means include coercive fines (e.g., *United States v. Darwin Constr. Co.*, 873 F.2d 750, 754 (4th Cir. 1989) (upholding fines of $5000.00 a day for failure to turn over documents pursuant to summons enforcement order)); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 1994) (order to pay money) and compensatory fines (e.g. *Untied States v. City of Jackson*, 359 F.3d 727, 733 (5th Cir. 2004).

The Court has the "inherent power to enforce compliance with their lawful order through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)(citing *Shillitani v. United States,* 384 U.S. 364, 370(1966)); *Chambers v NACSO, Inc.*, 501 U.S. 32, 43 (1991)(internal citations). Plaintiff, not only, requests that the admissions be deemed admitted and to prohibit Defendants from asserting any defenses or opposing any claims, but requests that they be allowed to proceed to default judgment.

---

[3] Statements and arguments from counsel are not evidence. *United States v. Kendrick*, 682 F.3d 974, 987 (11th Cir. 2012).

## CONCLUSION

The Court ordered all parties to attend the mediation, and has ordered all parties to follow certain scheduling orders.  Plaintiffs appeared with counsel and complied with the court's order and waited an entire 2 hours for Defendants to appear and mediate and expended costs and attorney time.

To be sure, Plaintiffs have been diligent in prosecuting this cause, while Defendants have continuously snubbed their noses at any orders or efforts by Plaintiffs to coordinate dates within orders.   The Court should therefore be so inclined to an order prohibiting Defendants from asserting any defenses or opposing any claims.

WHEREFORE, Plaintiffs moves this Court for an order striking Defendants pleadings and imposing monetary sanction pursuant to Fla. R. Civ. Proc. §16(f).   Plaintiff requests that the admissions be deemed admitted and to prohibit Defendants from asserting any defenses or opposing any claims and allow Plaintiffs to move unimpeded to a default final judgment.

Dated June 11, 2015
Miami Beach, Florida

　　/s/Steven C. Fraser　　

Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

## CERTIFICATE OF SERVICE:

I hereby certify that on June 11, 2015, I electronically filed the foregoing Motion for Order to Show Cause with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/Steven C. Fraser
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167
Email: steven.fraser.esq@gmail.com

SERVICE LIST

Via cm/ECF and email, and U.S. mail
William C. Blackwell, Esquire
12401 West Okeechobee Road, Lot 514
Hialeah Gardens, FL  33018
wblackwel1657@gmail.com
786-290-3251