UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21037-CIV-LENARD/GOODMAN

KATINA BEATRIZ MACHADO AND
NATALIA VALENCIA CIENDUA,

     Plaintiffs,

v.

MEGA TRAVEL USA CORPORATION,
AND CARLOS GUILLEN,

     Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
PLAINTIFFS' MOTION FOR SANCTIONS AND TO
STRIKE PLEADINGS AND ENTER DEFAULT FINAL JUDGMENT

Plaintiffs Katrina Beatriz Machado and Natalia Valencia Ciendua ("Plaintiffs")

filed a "Motion for Sanctions and to Strike Pleading and Enter Default Final Judgment"

("Motion"), requesting that the Court strike Defendants' pleadings, impose monetary

sanctions, and enter default final judgment. [ECF No. 89]. Defendants Mega Travel USA

Corporation ("Mega Travel") and Carlos Guillen filed a response. [ECF No. 92]. United

States District Court Judge Joan A. Lenard referred the Motion to the Undersigned.

[ECF No. 90].

The Undersigned held a hearing on Plaintiffs' Motion, but proceeded <u>only</u> against Defendant Mega Travel and <u>not</u> Defendant Guillen.[1] The Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiffs' Motion for the following reasons:

The parties scheduled a mediation, and, on the scheduled date, Plaintiffs, Plaintiffs' counsel, and Defendants' Counsel appeared, but Defendants did not. [ECF No. 58]. The Court awarded Plaintiffs attorney's fees and costs for Defendants' failure to appear at the scheduled mediation.[2] [ECF No. 69]. The parties then scheduled a **second** mediation, but Defendants and their counsel failed to appear. At the hearing, defense counsel stated that his clients knew the time and place for both mediations, but chose not to attend. He also stated that Defendants said they were making arrangements to pay the Court-ordered fees and costs, but then they never paid the amount owed.

Pursuant to Federal Rule of Civil Procedure 16(f), the Court may impose sanctions on parties for failure to obey pretrial orders. *See* Fed. R. Civ. P. 16(f). These

---

[1]     Defendants filed a Suggestion of Bankruptcy stating that Defendant Carlos Guillen, the owner of Mega Travel, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court of the Southern District of Florida. [ECF No. 98]. Because he filed for bankruptcy, the Court stayed the case as to Defendant Guillen. [ECF No. 101].

[2]     The Court simultaneously awarded fees and costs for Defendants' failure to appear at a deposition.

sanctions include the Court striking pleadings in whole or in part and rendering a default judgment against a disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

Defendant Mega Travel has failed to comply with Court Orders and to appear at two mediations. It has demonstrated an attitude of disrespect to both the District Court and the opposing party, generated unnecessary expenses, and wasted judicial resources.

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant in part** Plaintiffs' Motion, **strike** Defendant Mega Travel's answer and affirmative defenses, and **enter default judgment against Defendant Mega Travel**.  If the District Court adopts the recommendation, then the Court will schedule a hearing on the amount of damages, unless the parties can agree to an amount.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the Parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within 14 days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District

Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 1, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All Counsel of Record

4