UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21037-CIV-LENARD/GOODMAN

KATINA BEATRIZ MACHADO and,
NATALIA VALENCIA CIENDUA,

    Plaintiffs,

vs.

MEGA TRAVEL USA CORPORATION
and CARLOS GUILLEN,

    Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 111) AND
DEFERRING ENTRY OF DEFAULT FINAL JUDGMENT AGAINST
DEFENDANT MEGA TRAVEL USA CORPORATION**

**THIS CAUSE** is before the Court on the Report and Recommendation of United States Magistrate Judge Jonathan Goodman (the "Report," D.E. 111), issued on September 1, 2015, recommending that the Court defer entry of default final judgment and the determination of damages against Defendant Mega Travel USA Corporation ("Mega") because liability as to Defendant Carlos Guillen has yet to be determined. Specifically, Judge Goodman recommends that the Court defers because a default final judgment against Mega could lead to inconsistent results if Defendant Guillen is not found liable at trial. Plaintiffs filed objections to the Report on September 13, 2015. After a careful independent review of the Report, Objection, and case file, the Court finds as follows.

**I.      Background**

Plaintiffs filed their Complaint in this Fair Labor Standards Act ("FLSA") action on March 20, 2014.  (D.E. 1.)  On June 24, 2015, the Court stayed this action as to Defendant Carlos Guillen based on the suggestion of bankruptcy.  (D.E. 101.)  On July 1, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Court strike Defendant Mega's Answer and Affirmative Defenses and enter default final judgment against Mega for failing to comply with the Court's mediation orders.  (D.E. 104.)  On July 17, 2015, the Court lifted the stay as to Defendant Guillen because his bankruptcy petition was dismissed.  (D.E. 108.)

On July 27, 2015, the Court adopted the Magistrate Judge's July 1, 2015 Report and Recommendation (D.E. 104), struck Mega's Answer and Affirmative Defenses, and stated that it would enter a separate order of final default judgment against Mega.  (D.E. 109.)  That same day, the Court referred the issue of damages against Mega to the Magistrate Judge for Report and Recommendation.  (D.E. 110.)  On September 1, 2015, the Magistrate Judge issued the current Report recommending that the Court defer entry of default final judgment until resolution of Defendant Guillen's liability.  (D.E. 111.)  On September 13, 2015, Plaintiffs filed their Objection to the Report, arguing that the Defendants' liability is not so intertwined as to require deferment of the default final judgment against Mega.  (D.E. 114.)

**II.    Standard**

Under 28 U.S.C. § 636(b)(1)(B), upon the issuing of a magistrate judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Fed. R. Civ. P. 72(b)(3).  De novo review requires that the "district court's consideration of the factual issue must be independent and based upon the record before the court." LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

**III.    Analysis**

"As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Lira v. Matthew's Marine Air Conditioner, Inc., 741 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (quoting Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)).  Joint and several liability is defined as "[l]iability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion." Black's Law Dictionary 1054 (10th ed. 2014).

Though a court may enter default judgment for various reasons, such as a failure to obey orders, default judgment should not be entered when it may result in inconsistent outcomes for similarly situated defendants.  Mayorga v. Stamp Concrete & Pavers, Inc.,

No. 13-81274, 2015 WL 3556972, *2 (S.D. Fla. June 4, 2015) (citing Frow v. De La Vega, 82 U.S. 552 (1872)); see also Fed. R. Civ. P. 55; id. 16(f).

The Magistrate Judge concluded that because Defendant Guillen is named as corporate officer, owner, and/or manager of Defendant Mega and is jointly and severally liable for the FLSA claims against Defendant Mega, the Court should defer its entry of final default judgment and determination of damages so as to avoid any potential inconsistencies upon the resolution of Plaintiff's claims against Defendant Guillen. (D.E. 111 at 6.)

Plaintiffs object by making repeated conclusory statements that Defendant Mega's liability is not intertwined with Defendant Guillen's liability. (D.E. 114 at 1–2.) Plaintiffs do not set forth any differences in the Defendants' potential liability under the FLSA that would permit this Court to enter default final judgment against Defendant Mega at this time. Accordingly, the Court agrees with the Magistrate Judge's conclusion.

**IV.  Conclusion**

Therefore, after an independent review of the Report and record, it is hereby ORDERED AND ADJUDGED that:

1. The Report of the Magistrate Judge (D.E. 111), issued on September 1, 2015, is **ADOPTED**;

2. Plaintiffs' Objections to the Report (D.E. 114) are **OVERRULED**; and

3. The Court **DEFERS** entry of final default judgment against Defendant Mega Travel USA Corporation, along with the determination of damages, until resolution of the claims against Defendant Carlos Guillen.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of September, 2015.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**