UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-21037-CIV-LENARD/GOODMAN

KATINA BEATRIZ MACHADO, NATALIA )
VALENCIA CIENDUA and all others )
similarly situated under 29 U.S.C. 216(B), )
  )
     Plaintiffs, )
  vs. )
  )
MEGA TRAVEL USA CORPORATION )
d/b/a TRAVEL ONE NETWORK )
CARLOS GUILLEN, )
  )
    Defendants. )
_____ )

## JOINT PROPOSED JURY INSTRUCTIONS

## TO BE GIVEN AT THE BEGINNING OF THE CASE

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a

civil trial and your duty as jurors. These are preliminary instructions. I'll give you

more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection

to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses:</u>

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

Plaintiffs have filed a claim under the Fair Labor Standards Act (FLSA) and Florida Minimum Wage Act (FMWA) for unpaid minimum wages and overtime wages. Defendants dispute Plaintiffs' claims and contend that Plaintiffs were properly paid their wages.

**<u>Burden of proof</u>**:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs needs to make the scales tip to them. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin

deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff will present his witnesses and ask them questions. After Plaintiff questions the witness, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present their witnesses, and Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

AUTHORITY:      Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 2

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English [interpretation/translation] provided and disregard any different meaning.

AUTHORITY:      Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction No. 1.1 (2013).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## 2.1 STIPULATIONS OF FACT

Sometimes the parties have agreed that certain facts are true.  This agreement is called a stipulation.  You must treat these facts as proved in this case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 2.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## **Stipulated Facts**

1.      Parties stipulate to subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 29 U.S.C. § 203(s)(1)(B) under enterprise coverage and individual coverage.

2.      Under the FLSA, an "employer" is any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. 203(d).   It is stipulated that Carlos Guillen is the employer of both Katina Machado and Natalia Valencia Ciendua.

3.    Plaintiff KATINA BEATRIZ MACHADO worked for Defendants Mega Travel USA Corporation d/b/a Travel One Network and Carlos Guillen, as a customer service associate from on or about April 15, 2013 through on or about February 26, 2014. (the "relevant time period") Plaintiff asserts that she was paid $10.00 an hour for every hour that he worked. On average she worked 50 hours per week between the relevant time period of which she was not paid the proper "time and one half" pay pursuant to the FLSA. Plaintiff asserts that Defendants knew or should have known that Plaintiff was entitled to overtime.  Plaintiff claims that she was not properly paid the "time and one half" overtime rate of $15.00 for each of the overtime hours that he worked during the relevant time period.  As well, Defendants did not pay her minimum wages as required by federal law of $7.25 per hour for 120 hours.  Plaintiff Katina Beatriz Machado is owed $2,180.44 for federal overtime and $1,566 for federal minimum wages.

4.    Plaintiff  NATALIA VALENCIA CIENDUA worked for Defendants Mega Travel USA Corporation d/b/a Travel One Network and Carlos Guillen as a customer service associate from on or about May 20, 2013 through on or about February 26, 2014. (the "relevant time period") Plaintiff asserts that she was paid $10.00an hour for every hour that he worked. On average she worked 45 hours per week during the relevant time period of which she was not paid the proper "half-time" pay pursuant to the FLSA. Plaintiff asserts that Defendants knew or should

have known that Plaintiff was entitled to overtime.  Plaintiff claims that she was not properly paid the "half time" overtime rate of $5.00 for each of the overtime hours that he worked during the during the relevant time period.  As well, Defendants did not pay her minimum wages as required by federal law at $7.25 per hour for 100 hours. Plaintiff Natalia Valencia Ciendua is owed $925.00 for federal overtime and $725.00 for federal minimum wages.

5.      Plaintiff KATINA BEATRIZ MACHADO is owed $2,180.44 for federal overtime and $1,566 for federal minimum wages as damages.

6.      Plaintiff NATALIA VALENCIA CIENDUA is owed $925.00 for federal overtime and $725.00 for federal minimum wages.

## TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

<u>**PROPOSED INSTRUCTION NO. 3**</u>

**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW
INSTRUCTIONS**

Your decision must be based only on the evidence presented here. You must
not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the
law - and you must follow all of my instructions as a whole. You must not single
out or disregard any of the instructions on the law.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED INSTRUCTION NO. 4</u>

**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:

GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 6

## IMPEACHMENT OF WITNESSES

### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 7
### Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 8

### FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, the Plaintiffs claim that Defendants did not pay them the overtime wage pay required by the federal Fair Labor Standards Act, also known as the FLSA,

Defendants have admitted to liability of not paying them overtime wages.

The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid. Under the FLSA Plaintiffs are entitled to recover lost wages from the date of your verdict back to no more than two years before they filed their lawsuits—unless you find that the employer either knew or showed reckless disregard for whether the FSLA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FSLA prohibited its conduct, then Plaintiffs are entitled to recover lost wages from date of your verdict back to no more than three years before they filed this lawsuit.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 9

## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 10</u>

(On-Call)

An employee who is required to remain on call on the employer's premises or so close thereto that she cannot use the time effectively for her own purposes is working while "on call". An employee who is not required to remain on the employer's premises but is merely required to leave word at her home or with company officials where she may be reached is not working while on call.

<u>Authorities</u>:  29 C.F.R. §785.17

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 11

### "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 12</u>

### EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under

the FLSA.


29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED

## PROPOSED JURY INSTRUCTION NO. 13

### "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 14

## RECORD KEEPING REQUIREMENTS OF THE EMPLOYER

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each

payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## PROPOSED JURY INSTRUCTION NO. 15

## DUTY TO DELIBERATE WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 16
### Liquidated Damages, Good Faith and Willful Violations

The FLSA provides for liquidated damages and states that such damages shall be paid unless the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," in which case "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216" of the FLSA. 29 U.S.C. § 260. Under the plain language of the statute, this is a question for the court to determine not the jury. Thus, the court and the jury answer what is essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1282 (11th Cir. 2008).

When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of… their unpaid overtime compensation… and in an additional

equal amount as liquidated damages."); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). However, the district court has discretion to reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Morgan*, 551 F.3d at 1282 (alteration in original) (internal quotation marks omitted); *see also* 29 U.S.C. § 260. A district court must find that an employer acted in good faith in violating the FLSA before it may award less than the full amount of liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). If the jury finds that the employer acted willfully, however, then the court cannot find that the employer acted in good faith, and the court must award liquidated damages. A jury's finding that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *Alvarez Perez*, 515 F.3d at 1166.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Morgan*, 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)).

To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless

disregard for, the fact that its conduct was forbidden by the FLSA." *Morgan*, 551 F.3d at 1283.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:


## PROPOSED JURY INSTRUCTION NO. 17

### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down

your message or question and pass the note to the marshal who will bring it to my

attention.   I will then respond as promptly as possible, either in writing or by

having you returned to the courtroom so that I can address you orally.   I caution

you, however, with regard to any message or question you might send, that you

should not tell me your numerical division at the time.


11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED: